*913 MAY, J.,
concurring specially.
I concur with the majority opinion. I write only to add that even if section 744.3215(2)(a), Florida Statutes (2013), was read to allow court approval subsequent to the marriage, in essence ratifying a marriage after the fact, this case would still be an affirmance. Once the ward’s attorney petitioned to annul the marriage, the wife moved to ratify approval of the marriage or to alternatively approve the marriage. The court denied the motion to ratify the marriage.
While I agree that the statute is prospective regarding approval of the right to marry once the ward’s right to contract has been removedj ultimately the trial court is in the best position to determine whether the ward had the capacity to enter into the marriage. See Griffin Indus., LLC v. Dixie Southland Corp., 162 So.3d 1062, 1066-67 (Fla. 4th DCA 2015) (stating the trial court is in the best position to evaluate and weigh the testimony and evidence and make factual findings). Whether the statute is prospective or allows for ratification, the order should be affirjmed.
WARNER, J., dissents with opinion.